# COMMONWEALTH OF VIRGINIA



## RICHMOND CITY CIRCUIT COURT
### Civil Division
### 400 NORTH 9TH STREET
### RICHMOND VA 23219

Summons

To: OFFICER DOE 1 -X INDIVIDUALLY
& IN THEIR OFFICIAL CAPACITIES
AS OFFICERS OF RPD, SERVE:DAVID
M. MITCHELL, GEN. COUNSEL, RPD
200 WEST GRACE STREET
RICHMOND VA 23220

Case No. 760CL20003247-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, July 29, 2020

Clerk of Court: EDWARD F JEWETT

by _____ (CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Richmond Police Department
Received

AUG 6 2020

Office of the General Counsel

Attorney's name: BRISCOE, THEODORE W; III
8720 STONY POINT PARKWAY, #250
RICHMOND VA 23235
804.888.8888

**EXHIBIT A**

**VIRGINIA:**

# IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

**MARIA LOURDES MAURER**

Plaintiff,

v.

Case No. CL 20-3247-8

**CITY OF RICHMOND**
Serve:
Haskell Brown
Office of the City Attorney
City of Richmond
900 E. Broad St.
Suite 400
Richmond, VA 23219

*and*

**RICHMOND POLICE DEPARTMENT**
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond, VA 23220

*and*

**WILLIAM SMITH,**
Individually and in his Official Capacity as
Chief of Richmond Police Department,
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond, VA 23220

*and*

**WILLIAM BLACKWELL,**
Individually and in his Official Capacity as
Interim Chief of Richmond Police Department,

RECEIVED AND FILED
CIRCUIT COURT
JUL 15 2020
EDWARD F. JEWETT, CLERK
BY _____ D.C.

Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

OFFICER DOE 1 – X,
Individually and in their Official Capacities as
Officers of Richmond Police Department
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

VIRGINIA DEPARTMENT OF STATE POLICE
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

*and*

GARY SETTLE,
Individually and in his Official Capacities as
Superintendent of Virginia Department of State Police,
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

*and*

OFFICER DOE 1 – X,

2

Individually and in their Official Capacity as
Officers of Virginia Department of State Police
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

Defendants.

## COMPLAINT

COMES NOW, Plaintiff, Maria Maurer, by counsel, and moves this Court for judgment against the Defendants, and in support of her Complaint states as follows:

## INTRODUCTION

1. This lawsuit arises from two separate incidents of unlawful deployment of excessive force by members of the Richmond Police Department and Virginia Department of State Police, against peaceful, nonviolent protestors.

2. During the evening of June 15, 2020, Maria Maurer was engaged in peaceful, nonviolent protest outside of Richmond Police Headquarters. Suddenly, and without warning or reasonable provocation, unidentified members of the Richmond Police Department and Virginia Department of State Police deployed chemical agents, lethal projectiles, and stun grenades, causing injury to Plaintiff.

3. Again, during the evening of June 21, 2020, Maria Maurer was engaged in peaceful, nonviolent protest on Monument Avenue, in the city of Richmond. Suddenly, and without warning or reasonable provocation, members of the Richmond Police Department and

3

Virginia Department of State Police deployed chemical agents, projectiles, and stun grenades, causing injury to Plaintiff.

4.      Defendants Officers Doe 1 – X are sued for violations of civil rights protected by the Constitution of the United States of America, including the First Amendment rights to free speech and assembly, and the Fourth Amendment rights against excessive force, pursuant to 42 U.S.C. §§1983 and 1988.

5.      Defendants Smith, Blackwell and Settle are sued for their failure to exercise supervisory discretion, which resulted in the Constitutional deprivations complained of herein, pursuant to 42 U.S.C. §§1983 and 1988, and *City of Canton v. Harris*, 489 U.S. 378 (1989).

6.      Defendant City of Richmond is sued, in concert with the official capacity claims brought against each defendant, pursuant to U.S.C. §§1983 and 1988, and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7.      Defendant Officers Doe 1 - X are also sued for the common law torts of assault and battery.

## PARTIES

8.      Plaintiff, Maria Maurer, is a citizen of the United States, and resident of the city of Richmond, Virginia.

9.      The identity and number of Officers Doe 1-X are presently unknown, put Plaintiff avers that such officers were uniformed members of the Richmond Police Department (hereinafter "RPD") and Virginia Department of State Police (hereinafter "VSP"), acting under badge of authority, and the color of the law. These officers are sued in their personal and official capacities.

4

10.     Defendant, William Smith was Chief of Police of Richmond Police Department during the events of June 15, 2020. He is sued in his individual and official capacities.[1]

11.     Defendant, William Blackwell, was Interim Chief of Police of Richmond Police Department on June 21, 2020. He is sued in his personal and official capacities.[2]

12.     Defendant, Gary Settle, is and was, at all times relevant to this action, Superintendent of the Virginia Department of State Police. He is sued in his personal and official capacities.

13.     Defendants City of Richmond, Richmond Police Department, and Virginia Department of State Police are governing bodies sued directly, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## VENUE

14.     Because the events that give rise to this action took place in the city of Richmond, Virginia, venue is proper in this Court, pursuant to §8.01-262(4).

15.     Further, venue is proper in this Court under the Virginia Tort Claims Act, §8.01-195.1 *et seq.*, and Virginia Code §8.01-261, *et seq.*, as the City of Richmond is where the sued officials of the Commonwealth hold official capacity, and is where the claimant resides.

## FACTUAL ALLEGATIONS

16.     On May 25, 2020, George Floyd was unjustifiably killed at the hands of a Minneapolis, Minnesota police officer.

---

[1] Defendant Smith is sued solely for the events taking place on June 15, 2020, alleged herein.
[2] Defendant Blackwell is sued solely for the events taking place on June 21, 2020, alleged herein.

17. This killing was captured on camera, with the footage being distributed worldwide.

18. This event, coupled with several recent police-involved extrajudicial killings, and a disturbing local and national history of excessive deployment of police force against African-American citizens sparked daily demonstrations and protests within the city of Richmond.

19. Defendants City of Richmond, Richmond Police Department and Virginia Department of State Police, through their officials and agents, repeatedly chose to exercise unprovoked, unjustified, and unconstitutional force against protestors.

20. On May 31, 2020, officers of RPD and VSP deployed chemical agents on hundreds of peaceful protestors marching from Monument Avenue to the Virginia Capitol.

21. On June 1, 2020, officers of RPD and VSP deployed chemical agents, batons, riot shields, and projectile weapons on hundreds of protestors, as they stood and kneeled peacefully by the Robert E. Lee statue on Monument Avenue.

22. Following the June 1 incident, Mayor Levar Stoney of Defendant City of Richmond, issued several apologies via social media, press statements, and a town hall event, apologizing for these instances of unjustifiable force, and admitting that "we violated your rights."

23. Defendant William Smith was present with Mayor Stoney at said town hall event, and joined in this verbal apology.

24. Despite the public apology, RPD and VSP continued its conscience-shocking pattern of Constitutional deprivations and brutal attacks.

25. On June 13, 2020, an RPD officer drove a marked police sport utility vehicle into a crowd of pedestrian protestors, striking multiple individuals.

6

26.     On June 14, 2020, protestors marched from Monroe Park to Richmond Police Headquarters, at 200 Wast Grace Street, where RPD and VSP again deployed chemical agents and physical force on protestors.

27.     The following day, members of the Richmond City Council, some having been present at the protest on June 14, 2020 protest, including Councilwoman Stephanie Lynch, gave public statements detesting the force deployed by RPD and VSP officers.

28.     Further, Richmond City Councilman Michael Jones called on the Council to pass immediate measures to withdraw funding associated with "aggressive policing."

29.     On June 15, 2020, hundreds of individuals assembled at Richmond Police Headquarters to protest this disturbing trend in police misconduct.

30.     Plaintiff was among the protestors on this night.

31.     RPD and VSP officers established a 'do not cross' line, marked by cones and a yellow tape line.

32.     At around 10:15PM one single individual knocked down one of those cones.

33.     This individual was not remotely or proximately close to Plaintiff.

34.     In response, members of VSP and RPD apprehended that individual, and immediately deployed chemical agents on individuals in his vicinity.

35.     Additionally, an officer of VSP (Officer Doe 1) stepped forward of the established 'do not cross' line, and violently struck a protestor, using a riot shield, in Plaintiff's immediate proximity.

7

36.    At no time, up to this point, had the assembly of protestors become violent or destructive.

37.    At no time was Plaintiff engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof.

38.    Defendants Doe 1 – X of VSP and RPD, without warning, began deploying projectiles, chemical agents, and stun grenades—indiscriminately and in large numbers—on the entirety of the protesting crowd.

39.    Plaintiff was struck in the neck with a projectile (hereinafter referred to as a "rubber bullet").

40.    The rubber bullet was fired at close proximity, and directly at the upper portion of Plaintiff's body.

41.    Although the rubber bullet is designed to be less lethal than a traditional bullet, when fired directly at a person's head, neck or upper torso, in close proximity, the rubber bullet can cause life-threatening injury.

42.    Several RPD and VSP officers deployed such projectiles in this manner on this night, and on those before.

43.    The rubber bullet caused injury to Plaintiff, and Plaintiff was caused to endure anguish, discomfort, pain and distress.

44.    Further, the actions of Defendants Officer Doe 1- X caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly.

8

45.     One June 17, 2020 Mayor Stoney announced that Defendant William Smith had tendered his resignation as Chief of Police, and that Defendant Blackwell would be appointed as Interim Chief of Police.

46.     The next day Defendant Blackwell gave a statement to the local media expressing his "frustration" that people would not sit down and talk to RPD "civilly," while vowing to "take our city back."

47.     On June 19, 2020, Defendant RPD issued a statement asserting its authority to declare protests unlawful pursuant to Virginia Code §18.2-406.

48.     On the evening of June 21, 2020, hundreds of individuals gathered to march on Monument Avenue, near the J.E.B. Stuart and Robert E. Lee monuments, to protest the continuing and disturbing trend of police misconduct.

49.     Plaintiff was present at this time and place, engaged in peaceful, nonviolent protest.

50.     At around 10:00PM, without warning or reasonable provocation, Defendant Officers Doe 1 – X of RPD and VSP indiscriminately deployed chemical agents, stun grenades, and projectiles on the crowd.

51.     Plaintiff was physically injured by the chemical agents and stun grenades, and caused to endure anguish, discomfort, physical harm, and distress.

52.     Further, the actions of Defendants Officers Doe 1 - X of VSP and RPD caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly.

9

53. At no time was Plaintiff engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof.

54. At no time prior to Defendants' use of force did the assembly of protestors turn violent or destructive.

55. On June 23, 2020, Defendants collectively continued their pattern of conscience-shocking behavior by indiscriminately deploying chemical agents, projectiles and stun grenades on a peaceful sit-in protest outside of Richmond City Hall.

56. Chemical agents, such as tear gas and pepper spray, have the capacity to be lethal.

57. Further, they can trigger asthma attacks, choking, nausea, vomiting, burning of the skin, and asphyxiation.

58. Stun grenades can cause temporary blindness and deafness, permanent vision or hearing loss, and tinnitus.

59. When deployed near an individual, stun grenades can also cause dismemberment and death.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S RIGHTS TO FREE SPEECH AND ASSEMBLY

60. Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-59, hereinabove.

61. At all times relevant, Plaintiff enjoyed rights, under the First Amendment of the United States Constitution, to free speech and assembly.

62.     Both protests, on June 15 and June 21, occurred on public property.

63.     Both protests were to redress grievances against the City of Richmond, RPD and VSP.

64.     Plaintiff had a clearly established right to assemble and express those grievances.

65.     The conduct of Defendant Officers Doe 1 – X of VSP and RPD suppressed and punished Plaintiff's exercise of free speech and assembly, on June 15 and June 21.

66.     Said conduct was severe enough to cause a person of ordinary firmness to abandon their exercise of free speech and assembly.

67.     Said conduct did cause Plaintiff to immediately abandon the exercise of her rights to free speech and assembly, on June 15 and June 21.

68.     Officers Doe 1 – X of VSP and RPD undertook their conduct, as described herein, under the color of law, willfully, intentionally, and in gross disregard of Plaintiff's rights.

69.     Further, Officers Doe 1 – X undertook their conduct pursuant to the official policy and custom of Defendants RPD, VSP, and City of Richmond.

70.     The continued pattern of suppression of First Amendment rights, described above, was a pattern allowed by the policy decisions of Defendants Smith, Blackwell and Settle, acting in their official capacities as chief policymakers of their respective police forces.

71.     Further Defendants acted with malicious, retaliatory intent against the exercise of free speech and assembly by protestors airing grievances against the Defendants, specifically.

## COUNT II

11

# FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S AGAINST
## EXCESSIVE FORCE

72.     Plaintiff repeats, re-alleges and reincorporates paragraphs 1-71, hereinabove.

73.     At all times relevant to this action, Plaintiff had a clearly established right against excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

74.     The actions of Officers Doe 1 – X of RPD and VSP, as described herein, were wholly unreasonable.

75.     Defendants' use of force against crowds of protestors on June 15 and June 21 was indiscriminate, unprovoked, and unjustified.

76.     On both dates, Defendants deployed force on peaceful and nonviolent protests.

77.     Further these actions were undertaken with malicious, retaliatory intent against protestors that were airing grievances against Defendants, specifically.

78.     Plaintiff posed no immediate threat to any Defendant, or the public-at-large.

79.     The force deployed on both dates caused Plaintiff to suffer physical injury, pain, mental anguish, and emotional despair.

80.     Officers Doe 1 – X of VSP and RPD undertook their conduct, as described herein, under the color of law, willfully, intentionally, and in gross disregard of Plaintiff's rights.

81.     Further, Officers Doe 1 – X undertook their conduct pursuant to the official policy and custom of Defendants RPD, VSP, and City of Richmond.

12

82.     The continued pattern of excessive force against protestors was a pattern allowed due to the policy decisions of Defendants Smith, Blackwell and Settle, acting in their official capacities as chief policymakers of their respective police forces.

## COUNT III

### ASSAULT AND BATTERY

83.     Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-82, hereinabove.

84.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP placed Plaintiff in reasonable fear of imminent, harmful, offensive, and nonconsensual contact.

85.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP had the present ability to carry out the perceived harmful, offensive contact against Plaintiff.

86.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP, did effect harmful, offensive, and nonconsensual contact upon Plaintiff.

87.     Such touching and contact was done without legal justification or excuse.

88.     Defendant Officers Doe 1 – X acted with the intent to cause harmful, offensive, and nonconsensual contact.

89.     As a result of the assault and battery, Plaintiff suffered physical injury, pain, mental anguish, and emotional despair.

## COUNT IV

### FEDERAL CONSTITUTIONAL VIOLATIONS BY DEFENDANTS SMITH, BLACKWELL & SETTLE - SUPERVISORY LIABILITY

90.     Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-89, hereinabove.

13

91.     At all times material hereto, Defendant Settle was Superintendent of the Virginia Department of State Police and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Virginia Department of State Police, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

92.     Until June 17, 2020, Defendant Smith was Chief of Police of the Richmond Police Department and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Richmond Police Department, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

93.     From June 17 to June 26, 2020, Defendant Blackwell was Interim Chief of Police of the Richmond Police Department and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Richmond Police Department, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

94.     Defendants Settle, Smith, and Blackwell each had an affirmative constitutional duty to "not be deliberately indifferent to a need for" necessary training, hiring, supervision or discipline, as the "failure to provide proper training may fairly be said to represent a policy for which the [government] is responsible" if "the need for more or different training" is "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers

14

of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378 (1989).

95.     Defendants Settle, Smith, and Blackwell each breached these affirmative duties by being deliberately indifferent to such supervisory obligations.

96.     The events that transpired between protestors and RPD and VSP officers, beginning on May 31, 2020, as detailed hereinabove, were numerous and significant enough to put Defendants Settle, Smith and Blackwell on notice of an obvious need to train and direct officers on how and when to appropriately interact with protestors, and how and when to appropriately deploy chemical agents, projectile and concussion grenades.

97.     Despite this obvious need, and multiple censures and apologies from top city officials—including Defendant Smith—Defendants Settle, Smith and Blackwell, undertook no substantial steps in training, discipling, or redirecting the officers of their respective forces.

98.     Rather, each continued to allow their officers to employ the same methods, under the same circumstances.

99.     Defendants Settle, Smith, and Blackwell acted with a deliberate indifference, and tacit approval to the obvious need for training and discipline within their subordinate ranks.

100.     Accordingly, Officers of RPD and VSP continued their patterned course of meeting peaceful protest with excessive force, causing the deprivations of Plaintiffs rights to free speech, assembly, and against excessive force, as complained of hereinabove.

101.     Such deprivations were the foreseeable and direct result of the inaction of Defendants Settle, Smith and Blackwell.

15

102.     Plaintiff was a foreseeable victim of the inaction of Defendants Settle, Smith and Blackwell.

### Count V

### Reiteration of Counts I, II, & IV Against Defendant City of Richmond

103.     Plaintiff repeats, re-alleges, and by reference reincorporates paragraphs 1-102, hereinabove.

104.     As alleged hereinabove, in their representative capacities as Chief of Police, Defendants Smith and Blackwell fostered an official policy or custom of allowing RPD officers to continuously violate protestors' rights to free speech and assembly, and rights against excessive force.

105.     The acts of Officers Doe 1 – X of RPD were undertaken in accordance with this official policy or custom.

106.     Accordingly, Defendant City of Richmond is directly liable, under 42 U.S.C §§ 1983, for the constitutional deprivations committed by Defendants Officers Doe 1 – X of RPD, Smith and Blackwell, as alleged herein, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Maria Lourdes Maurer, demands judgment against all Defendants jointly and severally, in the amount of One-Million Dollars ($1,000,000.00) for compensatory damages, pre-judgment and post-judgment interest, and whatever other justifiable relief this Honorable Court deems appropriate.

16

WHEREFORE, Defendants' conduct having been described above as so unlawful, conscience-shocking and unconstitutional, and performed maliciously, in bad-faith, sadistically, intentionally, willfully, wantonly, and in such a manner as to evince a conscious disregard for the rights of others, Plaintiff prays for One-Million Dollars ($1,000,000.00) in punitive damages against all named Defendants jointly and severally, together with pre-judgment and post-judgment interest, and whatever other justifiable relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiff, Maria Lourdes Maurer, prays for an award of reasonable costs, expenses and fees, incurred in this litigation, pursuant to 42 U.S.C. §1988.

**TRIAL BY JURY IS DEMANDED.**

**MARIA LOURDES MAURER**

By: _____
Of Counsel

Geoffrey R. McDonald (VSB No. 30544)
Theodore W. Briscoe III (VSB No. 86040)
Geoff McDonald & Associates, P.C.
8720 Stony Point Parkway
Suite 250
Richmond, Virginia 23235
804.888.8888 Phone
804.359.5426 Facsimile
Email: tbriscoe@mcdonaldinjurylaw.com

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: WILLIAM BLACKWELL INDV
& IN HIS OFFICIAL CAPACITY AS
INTERIM CHIEF OF RPD,SVE:DAVID
M. MITCHELL, GEN. COUNSEL, RPD
200 WEST GRACE STREET
RICHMOND VA 23220

Case No. 760CL20003247-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, July 29, 2020

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Richmond Police Department
Received

AUG 6 2020

Office of the General Counsel

Attorney's name: BRISCOE, THEODORE W; III
8720 STONY POINT PARKWAY, #250
RICHMOND VA 23235
804.888.8888

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

**MARIA LOURDES MAURER**

Plaintiff,

v.

Case No. CL 20-3247-8

**CITY OF RICHMOND**
Serve:
**Haskell Brown**
**Office of the City Attorney**
**City of Richmond**
900 E. Broad St.
Suite 400
Richmond, VA 23219

*and*

**RICHMOND POLICE DEPARTMENT**
Serve:
**David M. Mitchell**
**General Counsel**
**Richmond Police Department**
200 W. Grace St.
Richmond. VA 23220

*and*

**WILLIAM SMITH,**
**Individually and in his Official Capacity as**
**Chief of Richmond Police Department,**
Serve:
**David M. Mitchell**
**General Counsel**
**Richmond Police Department**
200 W. Grace St.
Richmond. VA 23220

*and*

**WILLIAM BLACKWELL,**
**Individually and in his Official Capacity as**
**Interim Chief of Richmond Police Department,**

RECEIVED AND FILED
CIRCUIT COURT

JUL 15 2020

EDWARD F. JEWETT, CLERK
BY_____ D.C.

Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

OFFICER DOE 1 – X,
Individually and in their Official Capacities as
Officers of Richmond Police Department
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

VIRGINIA DEPARTMENT OF STATE POLICE
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

*and*

GARY SETTLE,
Individually and in his Official Capacities as
Superintendent of Virginia Department of State Police,
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

*and*

OFFICER DOE 1 – X,

2

Individually and in their Official Capacity as
Officers of Virginia Department of State Police
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

Defendants.

## COMPLAINT

COMES NOW, Plaintiff, Maria Maurer, by counsel, and moves this Court for judgment

against the Defendants, and in support of her Complaint states as follows:

## INTRODUCTION

1.     This lawsuit arises from two separate incidents of unlawful deployment of

excessive force by members of the Richmond Police Department and Virginia Department of

State Police, against peaceful, nonviolent protestors.

2.     During the evening of June 15, 2020, Maria Maurer was engaged in peaceful,

nonviolent protest outside of Richmond Police Headquarters. Suddenly, and without warning or

reasonable provocation, unidentified members of the Richmond Police Department and Virginia

Department of State Police deployed chemical agents, lethal projectiles, and stun grenades,

causing injury to Plaintiff.

3.     Again, during the evening of June 21, 2020, Maria Maurer was engaged in

peaceful, nonviolent protest on Monument Avenue, in the city of Richmond. Suddenly, and

without warning or reasonable provocation, members of the Richmond Police Department and

3

Virginia Department of State Police deployed chemical agents, projectiles, and stun grenades, causing injury to Plaintiff.

4.      Defendants Officers Doe 1 – X are sued for violations of civil rights protected by the Constitution of the United States of America, including the First Amendment rights to free speech and assembly, and the Fourth Amendment rights against excessive force, pursuant to 42 U.S.C. §§1983 and 1988.

5.      Defendants Smith, Blackwell and Settle are sued for their failure to exercise supervisory discretion, which resulted in the Constitutional deprivations complained of herein, pursuant to 42 U.S.C. §§1983 and 1988, and *City of Canton v. Harris*, 489 U.S. 378 (1989).

6.      Defendant City of Richmond is sued, in concert with the official capacity claims brought against each defendant, pursuant to U.S.C. §§1983 and 1988, and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7.      Defendant Officers Doe 1 - X are also sued for the common law torts of assault and battery.

## PARTIES

8.      Plaintiff, Maria Maurer, is a citizen of the United States, and resident of the city of Richmond, Virginia.

9.      The identity and number of Officers Doe 1-X are presently unknown, put Plaintiff avers that such officers were uniformed members of the Richmond Police Department (hereinafter "RPD") and Virginia Department of State Police (hereinafter "VSP"), acting under badge of authority, and the color of the law. These officers are sued in their personal and official capacities.

4

10.	Defendant, William Smith was Chief of Police of Richmond Police Department during the events of June 15, 2020. He is sued in his individual and official capacities.[1]

11.	Defendant, William Blackwell, was Interim Chief of Police of Richmond Police Department on June 21, 2020. He is sued in his personal and official capacities.[2]

12.	Defendant, Gary Settle, is and was, at all times relevant to this action, Superintendent of the Virginia Department of State Police. He is sued in his personal and official capacities.

13.	Defendants City of Richmond, Richmond Police Department, and Virginia Department of State Police are governing bodies sued directly, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## VENUE

14.	Because the events that give rise to this action took place in the city of Richmond, Virginia, venue is proper in this Court, pursuant to §8.01-262(4).

15.	Further, venue is proper in this Court under the Virginia Tort Claims Act, §8.01-195.1 *et seq.*, and Virginia Code §8.01-261, *et seq.*, as the City of Richmond is where the sued officials of the Commonwealth hold official capacity, and is where the claimant resides.

## FACTUAL ALLEGATIONS

16.	On May 25, 2020, George Floyd was unjustifiably killed at the hands of a Minneapolis, Minnesota police officer.

---

[1] Defendant Smith is sued solely for the events taking place on June 15, 2020, alleged herein.
[2] Defendant Blackwell is sued solely for the events taking place on June 21, 2020, alleged herein.

17.     This killing was captured on camera, with the footage being distributed worldwide.

18.     This event, coupled with several recent police-involved extrajudicial killings, and a disturbing local and national history of excessive deployment of police force against African-American citizens sparked daily demonstrations and protests within the city of Richmond.

19.     Defendants City of Richmond, Richmond Police Department and Virginia Department of State Police, through their officials and agents, repeatedly chose to exercise unprovoked, unjustified, and unconstitutional force against protestors.

20.     On May 31, 2020, officers of RPD and VSP deployed chemical agents on hundreds of peaceful protestors marching from Monument Avenue to the Virginia Capitol.

21.     On June 1, 2020, officers of RPD and VSP deployed chemical agents, batons, riot shields, and projectile weapons on hundreds of protestors, as they stood and kneeled peacefully by the Robert E. Lee statue on Monument Avenue.

22.     Following the June 1 incident, Mayor Levar Stoney of Defendant City of Richmond, issued several apologies via social media, press statements, and a town hall event, apologizing for these instances of unjustifiable force, and admitting that "we violated your rights."

23.     Defendant William Smith was present with Mayor Stoney at said town hall event, and joined in this verbal apology.

24.     Despite the public apology, RPD and VSP continued its conscience-shocking pattern of Constitutional deprivations and brutal attacks.

25.     On June 13, 2020, an RPD officer drove a marked police sport utility vehicle into a crowd of pedestrian protestors, striking multiple individuals.

6

26. On June 14, 2020, protestors marched from Monroe Park to Richmond Police Headquarters, at 200 Wast Grace Street, where RPD and VSP again deployed chemical agents and physical force on protestors.

27. The following day, members of the Richmond City Council, some having been present at the protest on June 14, 2020 protest, including Councilwoman Stephanie Lynch, gave public statements detesting the force deployed by RPD and VSP officers.

28. Further, Richmond City Councilman Michael Jones called on the Council to pass immediate measures to withdraw funding associated with "aggressive policing."

29. On June 15, 2020, hundreds of individuals assembled at Richmond Police Headquarters to protest this disturbing trend in police misconduct.

30. Plaintiff was among the protestors on this night.

31. RPD and VSP officers established a 'do not cross' line, marked by cones and a yellow tape line.

32. At around 10:15PM one single individual knocked down one of those cones.

33. This individual was not remotely or proximately close to Plaintiff.

34. In response, members of VSP and RPD apprehended that individual, and immediately deployed chemical agents on individuals in his vicinity.

35. Additionally, an officer of VSP (Officer Doe 1) stepped forward of the established 'do not cross' line, and violently struck a protestor, using a riot shield, in Plaintiff's immediate proximity.

7

36.     At no time, up to this point, had the assembly of protestors become violent or destructive.

37.     At no time was Plaintiff engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof.

38.     Defendants Doe 1 – X of VSP and RPD, without warning, began deploying projectiles, chemical agents, and stun grenades—indiscriminately and in large numbers—on the entirety of the protesting crowd.

39.     Plaintiff was struck in the neck with a projectile (hereinafter referred to as a "rubber bullet").

40.     The rubber bullet was fired at close proximity, and directly at the upper portion of Plaintiff's body.

41.     Although the rubber bullet is designed to be less lethal than a traditional bullet, when fired directly at a person's head, neck or upper torso, in close proximity, the rubber bullet can cause life-threatening injury.

42.     Several RPD and VSP officers deployed such projectiles in this manner on this night, and on those before.

43.     The rubber bullet caused injury to Plaintiff, and Plaintiff was caused to endure anguish, discomfort, pain and distress.

44.     Further, the actions of Defendants Officer Doe 1- X caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly.

8

45.     One June 17, 2020 Mayor Stoney announced that Defendant William Smith had tendered his resignation as Chief of Police, and that Defendant Blackwell would be appointed as Interim Chief of Police.

46.     The next day Defendant Blackwell gave a statement to the local media expressing his "frustration" that people would not sit down and talk to RPD "civilly," while vowing to "take our city back."

47.     On June 19, 2020, Defendant RPD issued a statement asserting its authority to declare protests unlawful pursuant to Virginia Code §18.2-406.

48.     On the evening of June 21, 2020, hundreds of individuals gathered to march on Monument Avenue, near the J.E.B. Stuart and Robert E. Lee monuments, to protest the continuing and disturbing trend of police misconduct.

49.     Plaintiff was present at this time and place, engaged in peaceful, nonviolent protest.

50.     At around 10:00PM, without warning or reasonable provocation, Defendant Officers Doe 1 – X of RPD and VSP indiscriminately deployed chemical agents, stun grenades, and projectiles on the crowd.

51.     Plaintiff was physically injured by the chemical agents and stun grenades, and caused to endure anguish, discomfort, physical harm, and distress.

52.     Further, the actions of Defendants Officers Doe 1 - X of VSP and RPD caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly.

9

53. At no time was Plaintiff engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof.

54. At no time prior to Defendants' use of force did the assembly of protestors turn violent or destructive.

55. On June 23, 2020, Defendants collectively continued their pattern of conscience-shocking behavior by indiscriminately deploying chemical agents, projectiles and stun grenades on a peaceful sit-in protest outside of Richmond City Hall.

56. Chemical agents, such as tear gas and pepper spray, have the capacity to be lethal.

57. Further, they can trigger asthma attacks, choking, nausea, vomiting, burning of the skin, and asphyxiation.

58. Stun grenades can cause temporary blindness and deafness, permanent vision or hearing loss, and tinnitus.

59. When deployed near an individual, stun grenades can also cause dismemberment and death.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S RIGHTS TO FREE SPEECH AND ASSEMBLY

60. Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-59, hereinabove.

61. At all times relevant, Plaintiff enjoyed rights, under the First Amendment of the United States Constitution, to free speech and assembly.

10

62.     Both protests, on June 15 and June 21, occurred on public property.

63.     Both protests were to redress grievances against the City of Richmond, RPD and VSP.

64.     Plaintiff had a clearly established right to assemble and express those grievances.

65.     The conduct of Defendant Officers Doe 1 – X of VSP and RPD suppressed and punished Plaintiff's exercise of free speech and assembly, on June 15 and June 21.

66.     Said conduct was severe enough to cause a person of ordinary firmness to abandon their exercise of free speech and assembly.

67.     Said conduct did cause Plaintiff to immediately abandon the exercise of her rights to free speech and assembly, on June 15 and June 21.

68.     Officers Doe 1 – X of VSP and RPD undertook their conduct, as described herein, under the color of law, willfully, intentionally, and in gross disregard of Plaintiff's rights.

69.     Further, Officers Doe 1 – X undertook their conduct pursuant to the official policy and custom of Defendants RPD, VSP, and City of Richmond.

70.     The continued pattern of suppression of First Amendment rights, described above, was a pattern allowed by the policy decisions of Defendants Smith, Blackwell and Settle, acting in their official capacities as chief policymakers of their respective police forces.

71.     Further Defendants acted with malicious, retaliatory intent against the exercise of free speech and assembly by protestors airing grievances against the Defendants, specifically.

## COUNT II

11

# FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S AGAINST

## EXCESSIVE FORCE

72. Plaintiff repeats, re-alleges and reincorporates paragraphs 1-71, hereinabove.

73. At all times relevant to this action, Plaintiff had a clearly established right against excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

74. The actions of Officers Doe 1 – X of RPD and VSP, as described herein, were wholly unreasonable.

75. Defendants' use of force against crowds of protestors on June 15 and June 21 was indiscriminate, unprovoked, and unjustified.

76. On both dates, Defendants deployed force on peaceful and nonviolent protests.

77. Further these actions were undertaken with malicious, retaliatory intent against protestors that were airing grievances against Defendants, specifically.

78. Plaintiff posed no immediate threat to any Defendant, or the public-at-large.

79. The force deployed on both dates caused Plaintiff to suffer physical injury, pain, mental anguish, and emotional despair.

80. Officers Doe 1 – X of VSP and RPD undertook their conduct, as described herein, under the color of law, willfully, intentionally, and in gross disregard of Plaintiff's rights.

81. Further, Officers Doe 1 – X undertook their conduct pursuant to the official policy and custom of Defendants RPD, VSP, and City of Richmond.

12

82.     The continued pattern of excessive force against protestors was a pattern allowed due to the policy decisions of Defendants Smith, Blackwell and Settle, acting in their official capacities as chief policymakers of their respective police forces.

## COUNT III

### ASSAULT AND BATTERY

83.     Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-82, hereinabove.

84.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP placed Plaintiff in reasonable fear of imminent, harmful, offensive, and nonconsensual contact.

85.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP had the present ability to carry out the perceived harmful, offensive contact against Plaintiff.

86.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP, did effect harmful, offensive, and nonconsensual contact upon Plaintiff.

87.     Such touching and contact was done without legal justification or excuse.

88.     Defendant Officers Doe 1 – X acted with the intent to cause harmful, offensive, and nonconsensual contact.

89.     As a result of the assault and battery, Plaintiff suffered physical injury, pain, mental anguish, and emotional despair.

## COUNT IV

### FEDERAL CONSTITUTIONAL VIOLATIONS BY DEFENDANTS SMITH,

### BLACKWELL & SETTLE - SUPERVISORY LIABILITY

90.     Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-89, hereinabove.

13

91.     At all times material hereto, Defendant Settle was Superintendent of the Virginia Department of State Police and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Virginia Department of State Police, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

92.     Until June 17, 2020, Defendant Smith was Chief of Police of the Richmond Police Department and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Richmond Police Department, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

93.     From June 17 to June 26, 2020, Defendant Blackwell was Interim Chief of Police of the Richmond Police Department and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Richmond Police Department, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

94.     Defendants Settle, Smith, and Blackwell each had an affirmative constitutional duty to "not be deliberately indifferent to a need for" necessary training, hiring, supervision or discipline, as the "failure to provide proper training may fairly be said to represent a policy for which the [government] is responsible" if "the need for more or different training" is "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers

14

of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378 (1989).

95. Defendants Settle, Smith, and Blackwell each breached these affirmative duties by being deliberately indifferent to such supervisory obligations.

96. The events that transpired between protestors and RPD and VSP officers, beginning on May 31, 2020, as detailed hereinabove, were numerous and significant enough to put Defendants Settle, Smith and Blackwell on notice of an obvious need to train and direct officers on how and when to appropriately interact with protestors, and how and when to appropriately deploy chemical agents, projectile and concussion grenades.

97. Despite this obvious need, and multiple censures and apologies from top city officials—including Defendant Smith—Defendants Settle, Smith and Blackwell, undertook no substantial steps in training, discipling, or redirecting the officers of their respective forces.

98. Rather, each continued to allow their officers to employ the same methods, under the same circumstances.

99. Defendants Settle, Smith, and Blackwell acted with a deliberate indifference, and tacit approval to the obvious need for training and discipline within their subordinate ranks.

100. Accordingly, Officers of RPD and VSP continued their patterned course of meeting peaceful protest with excessive force, causing the deprivations of Plaintiffs rights to free speech, assembly, and against excessive force, as complained of hereinabove.

101. Such deprivations were the foreseeable and direct result of the inaction of Defendants Settle, Smith and Blackwell.

15

102.     Plaintiff was a foreseeable victim of the inaction of Defendants Settle, Smith and Blackwell.

## Count V

### Reiteration of Counts I, II, & IV Against Defendant City of Richmond

103.     Plaintiff repeats, re-alleges, and by reference reincorporates paragraphs 1-102, hereinabove.

104.     As alleged hereinabove, in their representative capacities as Chief of Police, Defendants Smith and Blackwell fostered an official policy or custom of allowing RPD officers to continuously violate protestors' rights to free speech and assembly, and rights against excessive force.

105.     The acts of Officers Doe 1 – X of RPD were undertaken in accordance with this official policy or custom.

106.     Accordingly, Defendant City of Richmond is directly liable, under 42 U.S.C §§ 1983, for the constitutional deprivations committed by Defendants Officers Doe 1 – X of RPD, Smith and Blackwell, as alleged herein, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Maria Lourdes Maurer, demands judgment against all Defendants jointly and severally, in the amount of One-Million Dollars ($1,000,000.00) for compensatory damages, pre-judgment and post-judgment interest, and whatever other justifiable relief this Honorable Court deems appropriate.

16

WHEREFORE, Defendants' conduct having been described above as so unlawful, conscience-shocking and unconstitutional, and performed maliciously, in bad-faith, sadistically, intentionally, willfully, wantonly, and in such a manner as to evince a conscious disregard for the rights of others, Plaintiff prays for One-Million Dollars ($1,000,000.00) in punitive damages against all named Defendants jointly and severally, together with pre-judgment and post-judgment interest, and whatever other justifiable relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiff, Maria Lourdes Maurer, prays for an award of reasonable costs, expenses and fees, incurred in this litigation, pursuant to 42 U.S.C. §1988.

**TRIAL BY JURY IS DEMANDED.**

**MARIA LOURDES MAURER**

By: _____
Of Counsel

Geoffrey R. McDonald (VSB No. 30544)
Theodore W. Briscoe III (VSB No. 86040)
Geoff McDonald & Associates, P.C.
8720 Stony Point Parkway
Suite 250
Richmond, Virginia 23235
804.888.8888 Phone
804.359.5426 Facsimile
Email: tbriscoe@mcdonaldinjurylaw.com

17

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: RICHMOND POLICE DEPARTMENT
    SERVE: DAVID M. MITCHELL,
    GENERAL COUNSEL,
    RICHMOND POLICE DEPARTMENT
    200 WEST GRACE STREET
    RICHMOND VA 23220

Case No. 760CL20003247-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, July 29, 2020

Clerk of Court: EDWARD F JEWETT

by _____
                           (CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Richmond Police Department
Received

AUG 6

Office of the General Counsel

Attorney's name:    BRISCOE, THEODORE W; III
                        8720 STONY POINT PARKWAY, #250
                        RICHMOND VA 23235
                        804.888.8888

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

RECEIVED AND FILED
CIRCUIT COURT
JUL 15 2020
EDWARD F. JEWETT, CLERK
BY_____ D.C.

MARIA LOURDES MAURER

Plaintiff,

v.

Case No. CL 20-3247-8

CITY OF RICHMOND
Serve:
Haskell Brown
Office of the City Attorney
City of Richmond
900 E. Broad St.
Suite 400
Richmond, VA 23219

*and*

RICHMOND POLICE DEPARTMENT
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

WILLIAM SMITH,
Individually and in his Official Capacity as
Chief of Richmond Police Department,
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

WILLIAM BLACKWELL,
Individually and in his Official Capacity as
Interim Chief of Richmond Police Department,

Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

OFFICER DOE 1 – X,
Individually and in their Official Capacities as
Officers of Richmond Police Department
Serve:
David M. Mitchell
General Counsel
Richmond Police Department
200 W. Grace St.
Richmond. VA 23220

*and*

VIRGINIA DEPARTMENT OF STATE POLICE
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

*and*

GARY SETTLE,
Individually and in his Official Capacities as
Superintendent of Virginia Department of State Police,
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

*and*

OFFICER DOE 1 – X,

Individually and in their Official Capacity as
Officers of Virginia Department of State Police
Serve:
Col. Gary T. Settle
Superintendent of Virginia Department of State Police
7700 Midlothian Turnpike
North Chesterfield, VA 23235

Defendants.

## COMPLAINT

COMES NOW, Plaintiff, Maria Maurer, by counsel, and moves this Court for judgment against the Defendants, and in support of her Complaint states as follows:

## INTRODUCTION

1.     This lawsuit arises from two separate incidents of unlawful deployment of excessive force by members of the Richmond Police Department and Virginia Department of State Police, against peaceful, nonviolent protestors.

2.     During the evening of June 15, 2020, Maria Maurer was engaged in peaceful, nonviolent protest outside of Richmond Police Headquarters. Suddenly, and without warning or reasonable provocation, unidentified members of the Richmond Police Department and Virginia Department of State Police deployed chemical agents, lethal projectiles, and stun grenades, causing injury to Plaintiff.

3.     Again, during the evening of June 21, 2020, Maria Maurer was engaged in peaceful, nonviolent protest on Monument Avenue, in the city of Richmond. Suddenly, and without warning or reasonable provocation, members of the Richmond Police Department and

Virginia Department of State Police deployed chemical agents, projectiles, and stun grenades, causing injury to Plaintiff.

4.     Defendants Officers Doe 1 – X are sued for violations of civil rights protected by the Constitution of the United States of America, including the First Amendment rights to free speech and assembly, and the Fourth Amendment rights against excessive force, pursuant to 42 U.S.C. §§1983 and 1988.

5.     Defendants Smith, Blackwell and Settle are sued for their failure to exercise supervisory discretion, which resulted in the Constitutional deprivations complained of herein, pursuant to 42 U.S.C. §§1983 and 1988, and *City of Canton v. Harris*, 489 U.S. 378 (1989).

6.     Defendant City of Richmond is sued, in concert with the official capacity claims brought against each defendant, pursuant to U.S.C. §§1983 and 1988, and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7.     Defendant Officers Doe 1 - X are also sued for the common law torts of assault and battery.

## PARTIES

8.     Plaintiff, Maria Maurer, is a citizen of the United States, and resident of the city of Richmond, Virginia.

9.     The identity and number of Officers Doe 1-X are presently unknown, put Plaintiff avers that such officers were uniformed members of the Richmond Police Department (hereinafter "RPD") and Virginia Department of State Police (hereinafter "VSP"), acting under badge of authority, and the color of the law. These officers are sued in their personal and official capacities.

4

10.     Defendant, William Smith was Chief of Police of Richmond Police Department during the events of June 15, 2020. He is sued in his individual and official capacities.[1]

11.     Defendant, William Blackwell, was Interim Chief of Police of Richmond Police Department on June 21, 2020. He is sued in his personal and official capacities.[2]

12.     Defendant, Gary Settle, is and was, at all times relevant to this action, Superintendent of the Virginia Department of State Police. He is sued in his personal and official capacities.

13.     Defendants City of Richmond, Richmond Police Department, and Virginia Department of State Police are governing bodies sued directly, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## VENUE

14.     Because the events that give rise to this action took place in the city of Richmond, Virginia, venue is proper in this Court, pursuant to §8.01-262(4).

15.     Further, venue is proper in this Court under the Virginia Tort Claims Act, §8.01-195.1 *et seq*., and Virginia Code §8.01-261, *et seq*., as the City of Richmond is where the sued officials of the Commonwealth hold official capacity, and is where the claimant resides.

## FACTUAL ALLEGATIONS

16.     On May 25, 2020, George Floyd was unjustifiably killed at the hands of a Minneapolis, Minnesota police officer.

---

[1] Defendant Smith is sued solely for the events taking place on June 15, 2020, alleged herein.
[2] Defendant Blackwell is sued solely for the events taking place on June 21, 2020, alleged herein.

17. This killing was captured on camera, with the footage being distributed worldwide.

18. This event, coupled with several recent police-involved extrajudicial killings, and a disturbing local and national history of excessive deployment of police force against African-American citizens sparked daily demonstrations and protests within the city of Richmond.

19. Defendants City of Richmond, Richmond Police Department and Virginia Department of State Police, through their officials and agents, repeatedly chose to exercise unprovoked, unjustified, and unconstitutional force against protestors.

20. On May 31, 2020, officers of RPD and VSP deployed chemical agents on hundreds of peaceful protestors marching from Monument Avenue to the Virginia Capitol.

21. On June 1, 2020, officers of RPD and VSP deployed chemical agents, batons, riot shields, and projectile weapons on hundreds of protestors, as they stood and kneeled peacefully by the Robert E. Lee statue on Monument Avenue.

22. Following the June 1 incident, Mayor Levar Stoney of Defendant City of Richmond, issued several apologies via social media, press statements, and a town hall event, apologizing for these instances of unjustifiable force, and admitting that "we violated your rights."

23. Defendant William Smith was present with Mayor Stoney at said town hall event, and joined in this verbal apology.

24. Despite the public apology, RPD and VSP continued its conscience-shocking pattern of Constitutional deprivations and brutal attacks.

25. On June 13, 2020, an RPD officer drove a marked police sport utility vehicle into a crowd of pedestrian protestors, striking multiple individuals.

6

26. On June 14, 2020, protestors marched from Monroe Park to Richmond Police Headquarters, at 200 Wast Grace Street, where RPD and VSP again deployed chemical agents and physical force on protestors.

27. The following day, members of the Richmond City Council, some having been present at the protest on June 14, 2020 protest, including Councilwoman Stephanie Lynch, gave public statements detesting the force deployed by RPD and VSP officers.

28. Further, Richmond City Councilman Michael Jones called on the Council to pass immediate measures to withdraw funding associated with "aggressive policing."

29. On June 15, 2020, hundreds of individuals assembled at Richmond Police Headquarters to protest this disturbing trend in police misconduct.

30. Plaintiff was among the protestors on this night.

31. RPD and VSP officers established a 'do not cross' line, marked by cones and a yellow tape line.

32. At around 10:15PM one single individual knocked down one of those cones.

33. This individual was not remotely or proximately close to Plaintiff.

34. In response, members of VSP and RPD apprehended that individual, and immediately deployed chemical agents on individuals in his vicinity.

35. Additionally, an officer of VSP (Officer Doe 1) stepped forward of the established 'do not cross' line, and violently struck a protestor, using a riot shield, in Plaintiff's immediate proximity.

7

36. At no time, up to this point, had the assembly of protestors become violent or destructive.

37. At no time was Plaintiff engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof.

38. Defendants Doe 1 – X of VSP and RPD, without warning, began deploying projectiles, chemical agents, and stun grenades—indiscriminately and in large numbers—on the entirety of the protesting crowd.

39. Plaintiff was struck in the neck with a projectile (hereinafter referred to as a "rubber bullet").

40. The rubber bullet was fired at close proximity, and directly at the upper portion of Plaintiff's body.

41. Although the rubber bullet is designed to be less lethal than a traditional bullet, when fired directly at a person's head, neck or upper torso, in close proximity, the rubber bullet can cause life-threatening injury.

42. Several RPD and VSP officers deployed such projectiles in this manner on this night, and on those before.

43. The rubber bullet caused injury to Plaintiff, and Plaintiff was caused to endure anguish, discomfort, pain and distress.

44. Further, the actions of Defendants Officer Doe 1- X caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly.

8

45.     One June 17, 2020 Mayor Stoney announced that Defendant William Smith had tendered his resignation as Chief of Police, and that Defendant Blackwell would be appointed as Interim Chief of Police.

46.     The next day Defendant Blackwell gave a statement to the local media expressing his "frustration" that people would not sit down and talk to RPD "civilly," while vowing to "take our city back."

47.     On June 19, 2020, Defendant RPD issued a statement asserting its authority to declare protests unlawful pursuant to Virginia Code §18.2-406.

48.     On the evening of June 21, 2020, hundreds of individuals gathered to march on Monument Avenue, near the J.E.B. Stuart and Robert E. Lee monuments, to protest the continuing and disturbing trend of police misconduct.

49.     Plaintiff was present at this time and place, engaged in peaceful, nonviolent protest.

50.     At around 10:00PM, without warning or reasonable provocation, Defendant Officers Doe 1 – X of RPD and VSP indiscriminately deployed chemical agents, stun grenades, and projectiles on the crowd.

51.     Plaintiff was physically injured by the chemical agents and stun grenades, and caused to endure anguish, discomfort, physical harm, and distress.

52.     Further, the actions of Defendants Officers Doe 1 - X of VSP and RPD caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly.

9

53. At no time was Plaintiff engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof.

54. At no time prior to Defendants' use of force did the assembly of protestors turn violent or destructive.

55. On June 23, 2020, Defendants collectively continued their pattern of conscience-shocking behavior by indiscriminately deploying chemical agents, projectiles and stun grenades on a peaceful sit-in protest outside of Richmond City Hall.

56. Chemical agents, such as tear gas and pepper spray, have the capacity to be lethal.

57. Further, they can trigger asthma attacks, choking, nausea, vomiting, burning of the skin, and asphyxiation.

58. Stun grenades can cause temporary blindness and deafness, permanent vision or hearing loss, and tinnitus.

59. When deployed near an individual, stun grenades can also cause dismemberment and death.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S RIGHTS TO FREE SPEECH AND ASSEMBLY

60. Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-59, hereinabove.

61. At all times relevant, Plaintiff enjoyed rights, under the First Amendment of the United States Constitution, to free speech and assembly.

10

62. Both protests, on June 15 and June 21, occurred on public property.

63. Both protests were to redress grievances against the City of Richmond, RPD and VSP.

64. Plaintiff had a clearly established right to assemble and express those grievances.

65. The conduct of Defendant Officers Doe 1 – X of VSP and RPD suppressed and punished Plaintiff's exercise of free speech and assembly, on June 15 and June 21.

66. Said conduct was severe enough to cause a person of ordinary firmness to abandon their exercise of free speech and assembly.

67. Said conduct did cause Plaintiff to immediately abandon the exercise of her rights to free speech and assembly, on June 15 and June 21.

68. Officers Doe 1 – X of VSP and RPD undertook their conduct, as described herein, under the color of law, willfully, intentionally, and in gross disregard of Plaintiff's rights.

69. Further, Officers Doe 1 – X undertook their conduct pursuant to the official policy and custom of Defendants RPD, VSP, and City of Richmond.

70. The continued pattern of suppression of First Amendment rights, described above, was a pattern allowed by the policy decisions of Defendants Smith, Blackwell and Settle, acting in their official capacities as chief policymakers of their respective police forces.

71. Further Defendants acted with malicious, retaliatory intent against the exercise of free speech and assembly by protestors airing grievances against the Defendants, specifically.

## COUNT II

11

# FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S AGAINST EXCESSIVE FORCE

72.    Plaintiff repeats, re-alleges and reincorporates paragraphs 1-71, hereinabove.

73.    At all times relevant to this action, Plaintiff had a clearly established right against excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

74.    The actions of Officers Doe 1 – X of RPD and VSP, as described herein, were wholly unreasonable.

75.    Defendants' use of force against crowds of protestors on June 15 and June 21 was indiscriminate, unprovoked, and unjustified.

76.    On both dates, Defendants deployed force on peaceful and nonviolent protests.

77.    Further these actions were undertaken with malicious, retaliatory intent against protestors that were airing grievances against Defendants, specifically.

78.    Plaintiff posed no immediate threat to any Defendant, or the public-at-large.

79.    The force deployed on both dates caused Plaintiff to suffer physical injury, pain, mental anguish, and emotional despair.

80.    Officers Doe 1 – X of VSP and RPD undertook their conduct, as described herein, under the color of law, willfully, intentionally, and in gross disregard of Plaintiff's rights.

81.    Further, Officers Doe 1 – X undertook their conduct pursuant to the official policy and custom of Defendants RPD, VSP, and City of Richmond.

12

82.     The continued pattern of excessive force against protestors was a pattern allowed due to the policy decisions of Defendants Smith, Blackwell and Settle, acting in their official capacities as chief policymakers of their respective police forces.

## COUNT III

### ASSAULT AND BATTERY

83.     Plaintiff repeats, re-alleges, and re-incorporates paragraphs 1-82, hereinabove.

84.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP placed Plaintiff in reasonable fear of imminent, harmful, offensive, and nonconsensual contact.

85.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP had the present ability to carry out the perceived harmful, offensive contact against Plaintiff.

86.     On both dates, June 15 and June 21, Officers Doe 1 – X of RPD and VSP, did effect harmful, offensive, and nonconsensual contact upon Plaintiff.

87.     Such touching and contact was done without legal justification or excuse.

88.     Defendant Officers Doe 1 – X acted with the intent to cause harmful, offensive, and nonconsensual contact.

89.     As a result of the assault and battery, Plaintiff suffered physical injury, pain, mental anguish, and emotional despair.

## COUNT IV

### FEDERAL CONSTITUTIONAL VIOLATIONS BY DEFENDANTS SMITH,
### BLACKWELL & SETTLE - SUPERVISORY LIABILITY

90.     Plaintiff repeats, re-alleges, and reincorporates paragraphs 1-89, hereinabove.

13

91.     At all times material hereto, Defendant Settle was Superintendent of the Virginia Department of State Police and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Virginia Department of State Police, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

92.     Until June 17, 2020, Defendant Smith was Chief of Police of the Richmond Police Department and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Richmond Police Department, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

93.     From June 17 to June 26, 2020, Defendant Blackwell was Interim Chief of Police of the Richmond Police Department and, as such, was the final policymaker with authority with respect to the matter of establishing the official policy of the Richmond Police Department, selecting the officers employed, training the officers employed, supervising the officers employed, and imposing warranted discipline on officers employed.

94.     Defendants Settle, Smith, and Blackwell each had an affirmative constitutional duty to "not be deliberately indifferent to a need for" necessary training, hiring, supervision or discipline, as the "failure to provide proper training may fairly be said to represent a policy for which the [government] is responsible" if "the need for more or different training" is "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers

14

of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378 (1989).

95.     Defendants Settle, Smith, and Blackwell each breached these affirmative duties by being deliberately indifferent to such supervisory obligations.

96.     The events that transpired between protestors and RPD and VSP officers, beginning on May 31, 2020, as detailed hereinabove, were numerous and significant enough to put Defendants Settle, Smith and Blackwell on notice of an obvious need to train and direct officers on how and when to appropriately interact with protestors, and how and when to appropriately deploy chemical agents, projectile and concussion grenades.

97.     Despite this obvious need, and multiple censures and apologies from top city officials—including Defendant Smith—Defendants Settle, Smith and Blackwell, undertook no substantial steps in training, discipling, or redirecting the officers of their respective forces.

98.     Rather, each continued to allow their officers to employ the same methods, under the same circumstances.

99.     Defendants Settle, Smith, and Blackwell acted with a deliberate indifference, and tacit approval to the obvious need for training and discipline within their subordinate ranks.

100.    Accordingly, Officers of RPD and VSP continued their patterned course of meeting peaceful protest with excessive force, causing the deprivations of Plaintiffs rights to free speech, assembly, and against excessive force, as complained of hereinabove.

101.    Such deprivations were the foreseeable and direct result of the inaction of Defendants Settle, Smith and Blackwell.

15

102.     Plaintiff was a foreseeable victim of the inaction of Defendants Settle, Smith and Blackwell.

## Count V

### Reiteration of Counts I, II, & IV Against Defendant City of Richmond

103.     Plaintiff repeats, re-alleges, and by reference reincorporates paragraphs 1-102, hereinabove.

104.     As alleged hereinabove, in their representative capacities as Chief of Police, Defendants Smith and Blackwell fostered an official policy or custom of allowing RPD officers to continuously violate protestors' rights to free speech and assembly, and rights against excessive force.

105.     The acts of Officers Doe 1 – X of RPD were undertaken in accordance with this official policy or custom.

106.     Accordingly, Defendant City of Richmond is directly liable, under 42 U.S.C §§ 1983, for the constitutional deprivations committed by Defendants Officers Doe 1 – X of RPD, Smith and Blackwell, as alleged herein, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Maria Lourdes Maurer, demands judgment against all Defendants jointly and severally, in the amount of One-Million Dollars ($1,000,000.00) for compensatory damages, pre-judgment and post-judgment interest, and whatever other justifiable relief this Honorable Court deems appropriate.

16

WHEREFORE, Defendants' conduct having been described above as so unlawful, conscience-shocking and unconstitutional, and performed maliciously, in bad-faith, sadistically, intentionally, willfully, wantonly, and in such a manner as to evince a conscious disregard for the rights of others, Plaintiff prays for One-Million Dollars ($1,000,000.00) in punitive damages against all named Defendants jointly and severally, together with pre-judgment and post-judgment interest, and whatever other justifiable relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiff, Maria Lourdes Maurer, prays for an award of reasonable costs, expenses and fees, incurred in this litigation, pursuant to 42 U.S.C. §1988.

**TRIAL BY JURY IS DEMANDED.**

**MARIA LOURDES MAURER**

By: _____
Of Counsel

Geoffrey R. McDonald (VSB No. 30544)
Theodore W. Briscoe III (VSB No. 86040)
Geoff McDonald & Associates, P.C.
8720 Stony Point Parkway
Suite 250
Richmond, Virginia 23235
804.888.8888 Phone
804.359.5426 Facsimile
Email: tbriscoe@mcdonaldinjurylaw.com

17

# COMMONWEALTH OF VIRGINIA



RECEIVED AND FILED
CIRCUIT COURT

AUG 17 2020

EDWARD F. JEWETT CLERK
BY _____ D.C.

RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Proof of Service

Virginia:
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL20003247-00
Service number: 002
Service filed: July 15, 2020
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: MARIA LOURDES MAURER vs RICHMOND CITY OF

Service on: RICHMOND POLICE DEPARTMENT
SERVE: DAVID M. MITCHELL,
GENERAL COUNSEL,
RICHMOND POLICE DEPARTMENT
200 WEST GRACE STREET
RICHMOND VA 23220

Attorney: BRISCOE, THEODORE W; III
8720 STONY POINT PARKWAY, #250
RICHMOND VA 23235
804.888.8888

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, July 29, 2020 with a copy of the Complaint filed Wednesday, July 15, 2020 attached.

Hearing date :
Service issued: Wednesday, July 29, 2020

**For Sheriff Use Only**

# AFFIDAVIT OF SERVICE

Richmond Express, Inc.

Court Name: **RICHMOND CITY CIRCUIT COURT**

Court Case Number: **CL20-3247**

Plaintiff / Petitioner: **Maria Lourdes Maurer**

Defendant / Respondent: **City of Richmond, et al.**

I, the undersigned, do hereby state that I am a person eighteen years or older and not a party otherwise interested in the subject matter of the controversy.

Said service to **Richmond Police Department SERVE: David M. Mitchell, General Counsel, Richmond Police Department**, located at **200 West Grace Street, Richmond VA 23220**, was effected for the law firm of **Geoff McDonald & Associates, P.C.** on ___8/6/2020___ (Date of service) at ___2:13pm___ (Time) with a copy of the **Summons & Complaint** in the following manner:

☒ Personal service on _____Victrena Robinson / Office of General Counsel_____

☐ Delivered to a family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.

      Name: _____    Age: _____

      Relationship: _____

☐ Posted on front door or such other door as appears to be the main entrance to usual place of abode or business

☐ Substitute Service: _____

☐ Pursuant to 5 U.S.C. & 5520A, served by certified or registered mail, return receipt requested

☐ U.S. Certified Mail: _____

☐ Not Found: _____

☐ No Service: _____

☐ Copy mailed to judgement debtor after serving garnishee

Notes: _____
_____

**Process Server**

Printed Name: _____Robert A. Williams III_____

Signature: _____Robert A. Williams III_____

**Notary**

Commonwealth of Virginia

Subscribed and sworn/affirmed before me this ___7___ (day) of ___August___ (month) ___2020___ (year)

Printed Name: _____Lilia Lawrence Vaughan_____

Signature: _____

Lilia Lawrence Vaughan
Commonwealth of Virginia
Notary Public
Commission No. 256727
My Commission Expires 6/30/2023

OrderTrackingID: 60.080520

# COMMONWEALTH OF VIRGINIA



RECEIVED AND FILED
CIRCUIT COURT

AUG 17 2020

EDWARD F. JEWETT, CLERK
BY _____ D.C.

RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:                 Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL20003247-00
Service number: 006
Service filed: July 15, 2020
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: MARIA LOURDES MAURER vs RICHMOND CITY OF
Service on: VIRGINIA DEPARTMENT OF STATE
POLICE, SERVE: COL. GARY T.
SETTLE, SUPERINTENDENT OF
VIRGINIA DEPT. OF STATE POLICE
7700 MIDLOTHIAN TURNPIKE
NORTH CHESTERFIELD VA 23235

Attorney: BRISCOE, THEODORE W; III
8720 STONY POINT PARKWAY, #250
RICHMOND VA 23235
804.888.8888

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, July 29, 2020 with a copy of the
Complaint filed Wednesday, July 15, 2020 attached.

Hearing date :
Service issued: Wednesday, July 29, 2020

## For Sheriff Use Only

# AFFIDAVIT OF SERVICE

**Richmond Express, Inc.**

Court Name: **RICHMOND CITY CIRCUIT COURT**

Court Case Number: **CL20-3247**

Plaintiff / Petitioner: **Maria Lourdes Maurer**

Defendant / Respondent: **City of Richmond, et al.**

I, the undersigned, do hereby state that I am a person eighteen years or older and not a party otherwise interested in the subject matter of the controversy.

Said service to **Virginia Department of State Police SERVE: Col. Gary T. Settle, Sup. of Virginia Dept. of State Police**, located at **7700 Midlothian Turnpike, North Chesterfield, VA 23235**, was effected for the law firm of **Geoff McDonald & Associates, P.C.** on __8/7/2020__ (Date of service) at __10:57am__ (Time) with a copy of the **Summons & Complaint** in the following manner.

☒ Personal service on __Duty Sergeant / Patenvode__

☐ Delivered to a family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport

    Name: _____  Age: _____

    Relationship: _____

☐ Posted on front door or such other door as appears to be the main entrance to usual place of abode or business

☐ Substitute Service: _____

☐ Pursuant to 5 U.S.C. & 5520A, served by certified or registered mail, return receipt requested

☐ U.S. Certified Mail: _____

☐ Not Found: _____

☐ No Service: _____

☐ Copy mailed to judgement debtor after serving garnishee

Notes: _____

**Process Server**

Printed Name: __Robert A. Williams iil__

Signature: __Robert A Williams__

**Notary**

Commonwealth of Virginia

Subscribed and sworn/affirmed before me this __10__ (day) of __August__ (month) __2020__ (year)

Printed Name: __Lilia Lawrence Vaughan__

Signature: _____

Lilia Lawrence Vaughan
Commonwealth of Virginia
Notary Public
Commission No. 256757
My Commission Expires 6/30/2021

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219



RECEIVED AND FILED
CIRCUIT COURT
8:39 AUG 17 2020
EDWARD F JEWETT, CLERK
BY _____ D.C.

Virginia:                          Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL20003247-00
Service number: 008
Service filed: July 15, 2020
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: MARIA LOURDES MAURER  vs RICHMOND CITY OF

Service on: OFFICER DOE 1-X INDIVIDUALLY
&IN THEIR OFFICIAL CAPACITY AS
OFFICERS OF VIRGINIA DEPT.
OF STATE POLICE,SVE:COL.SETTLE
7700 MIDLOTHIAN TURNPIKE
NORTH CHESTERFIELD VA 23235

Attorney: BRISCOE, THEODORE W; III
8720 STONY POINT PARKWAY, #250
RICHMOND VA 23235
804.888.8888

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, July 29, 2020 with a copy of the
Complaint filed Wednesday, July 15, 2020 attached.

Hearing date  :
Service issued: Wednesday, July 29, 2020

For Sheriff Use Only

# AFFIDAVIT OF SERVICE

Richmond Express, Inc.

Court Name: **RICHMOND CITY CIRCUIT COURT**

Court Case Number: **CL20-3247**

Plaintiff / Petitioner: **Maria Lourdes Maurer**

Defendant / Respondent: **City of Richmond, et al.**

I, the undersigned, do hereby state that I am a person eighteen years or older and not a party otherwise interested in the subject matter of the controversy.

Said service **Officer Doe 1-X Individually & In their official capacity as officers of Virginia Dept. of**

**State Police, Sve: Col. Settle**, located at **7700 Midlothian Turnpike, North Chesterfield, VA 23235**,

was effected for the law firm of **Geoff McDonald & Associates, P.C.** on _8/7/2020_ (service date) at

_10:57am_(Time) with a copy of the **Summons & Complaint** in the following manner:

☒ Personal service on _____ Duty Sergeant / Patenevde _____

☐ Delivered to a family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.

     Name: _____ Age: _____

     Relationship: _____

☐ Posted on front door or such other door as appears to be the main entrance to usual place of abode or business

☐ Substitute Service: _____

☐ Pursuant to 5 U.S.C. & 5520A, served by certified or registered mail, return receipt requested

☐ U.S. Certified Mail: _____

☐ Not Found: _____

☐ No Service: _____

☐ Copy mailed to judgement debtor after serving garnishee

Notes: _____

**Process Server**

Printed Name: _____ Robert A. Williams III _____

Signature: _____ Robert A. Williams III _____

**Notary**

Commonwealth of Virginia

Subscribed and sworn/affirmed before me this _10_ (day) of _August_ (month) _2020_ (year)

Printed Name: _____ Lilia Lawrence Vaughan _____

Signature: _____

Lilia Lawrence Vaughan
Commonwealth of Virginia
Notary Public
Commission No. 256727
My Commission Expires 06/30/2023

OrderTrackingID: 61 080520

# AFFIDAVIT OF SERVICE

### Richmond Express, Inc.

Court Name: **RICHMOND CITY CIRCUIT COURT**

Court Case Number: **CL20-3247**

Plaintiff / Petitioner: **Maria Lourdes Maurer**

Defendant / Respondent: **City of Richmond, et al.**

I, the undersigned, do hereby state that I am a person eighteen years or older and not a party otherwise interested in the subject matter of the controversy.

Said service to **City of Richmond, Serve: Haskell Brown, Office of the City Attorney, City of Richmond**, located at **900 East Broad Street, #400, Richmond, VA 23219**, was effected for the law firm of **Geoff McDonald & Associates, P.C.** on _8/10/2020_ (Date of service) at _2:43pm_ (Time) with a copy of the **Summons & Complaint** in the following manner:

☒ Personal service on _H. Haskell Brown_

☐ Delivered to a family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.

    Name: _____    Age: _____

    Relationship: _____

☐ Posted on front door or such other door as appears to be the main entrance to usual place of abode or business

☐ Substitute Service: _____

☐ Pursuant to 5 U.S.C. & 5520A, served by certified or registered mail, return receipt requested

☐ U.S. Certified Mail: _____

☐ Not Found: _____

☐ No Service: _____

☐ Copy mailed to judgement debtor after serving garnishee

Notes: _1st Att 8/6/2020 1:10pm — City Attorney is by appt only. Called and left a message._

## Process Server

Printed Name: _Robert A. Williams III_

Signature: _Robert A. Williams III_

## Notary

Commonwealth of Virginia

Subscribed and sworn/affirmed before me this _11_ (day) of _August_ (month) _2020_ (year)

Printed Name: _Lilia Lawrence Vaughan_

Signature: _[signature]_

> Lilia Lawrence Vaughan
> Commonwealth of Virginia
> Notary Public
> Commission No. 256727
> My Commission Expires 6/30/2023

OrderTrackingID: 54.080520