IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **MARIA LOURDES MAURER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 3:20-cv-00668 |
| | ) |
| **CITY OF RICHMOND,** | ) |
| **RICHMOND POLICE** | ) |
| **DEPARTMENT, WILLIAM** | ) |
| **SMITH, WILLIAM BLACKWELL,** | ) |
| **OFFICER DOE 1-X, VIRGINIA** | ) |
| **DEPARTMENT OF STATE POLICE,** | ) |
| **GARY SETTLE, and OFFICER DOE 1-X** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
WILLIAM SMITH AND WILLIAM BLACKWELL'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants William Smith ("Chief Smith" or "Defendant Smith") and William Blackwell ("Chief Blackwell" or "Defendant Blackwell") (collectively, "Former Chiefs"), by counsel, respectfully submit this Memorandum of Law in Support of their Partial Motion to Dismiss[1] Plaintiff's Complaint.

**I.     INTRODUCTION**

A claim against an individual in his official capacity is "*not* a suit against the official personally, for the real party in interest is the entity." Kentucky V. Graham, 473 U.S. 159, 165 (1985) (emphasis in original).  It is well established in the Fourth Circuit that when a claim is brought against an individual in both his official and individual capacities, the official capacity

---

[1] Chief Smith and Chief Blackwell are filing simultaneously herewith an Answer and Affirmative Defenses to the other claims in the Complaint.

claim should be dismissed. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004); accord Green v. Mills, No. 3:19cv906, 2020 WL 2850177 at *5 (E.D. Va. June 2, 2020); Hispanic Nat'l Law Enf't Ass'n NCR v. Prince George's Cty., No. TDC-18-3821, 2019 WL 2929025 at *18 (D. Md. July 8, 2019) ("In Love-Lane, the Fourth Circuit explicitly held that a § 1983 claim against a supervisor of a municipal entity is duplicative of claims brought against the entity itself and is appropriately dismissed."). Accordingly, Plaintiff's claims, to the extent they are against Chief Smith and Chief Blackwell in their official capacities, should be dismissed.

## II.   LIMITED FACTUAL BACKGROUND FOR PURPOSES OF PARTIAL MOTION TO DISMISS

In her Complaint (ECF No. 1-1), Plaintiff Maria Lourdes Maurer ("Plaintiff" or "Ms. Maurer") asserts claims against Chief Smith and Chief Blackwell in their official capacities pursuant to 42 U.S.C. §§ 1983 and 1988. In support of her claims, Plaintiff alleges the following facts as related to Chief Smith and Chief Blackwell that are relevant for this partial Motion to Dismiss:[2]

On June 15, 2020,[3] Plaintiff was allegedly among "hundreds of individuals assembled at Richmond Police Headquarters" to protest police misconduct. Compl. ¶¶ 29-30. Plaintiff claims that "at no time, up to this point, had the assembly of protestors become violent or destructive," and that "at no time was Plaintiff engaged in any act of violence, any crime, or any act giving the

---

[2] Although for purposes only of this Motion, the Court "take[s] the facts in the light most favorable to the plaintiff," it is well established that the Court "need not accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 303 (4th Cir. 2008). Chief Smith and Chief Blackwell dispute the factual narrative set forth in the Complaint as many allegations contain legal conclusions and unsupported opinions instead of facts; however, even taking these facts as true, for the reasons set forth below, Plaintiff has not sufficiently pled facts to support her § 1983 official capacity claims.

[3] The personal and official capacity claims against Chief Smith apply to the events on June 15, 2020. Compl. ¶ 10 n.1 (ECF No. 1-1).

appearance, or threat, thereof." Id. at ¶¶ 36-37. Plaintiff claims that "Defendants Doe I-X of…RPD, without warning, began deploying projectiles, chemical agents, and stun grenades…" and that she was struck and injured by a projectile, referred to as a "rubber bullet." Id. at ¶¶ 38-39, 43. According to Plaintiff, "the actions of Defendant Officers Doe I-X caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly." Id. at ¶ 44.

On June 21, 2020,[4] Plaintiff was again allegedly among "hundreds of individuals gathered…near the J.E.B. Stuart and Robert E. Lee monuments" to protest police misconduct. Id. at ¶¶ 48, 49. Plaintiff claims that "at around 10:00PM, without warning or reasonable provocation, Defendant Officers Doe I-X of RPD…indiscriminately deployed chemical agents, stun grenades, and projectiles on the crowd." Id. at ¶ 50. Plaintiff claims that she was injured and that "the actions of Defendant Officers Doe I-X of the…RPD caused Plaintiff, and the protestors on-site, to abandon the exercise of their rights to free speech and assembly." Id. at ¶¶ 51-52.

Plaintiff claims that she was not "engaged in any act of violence, any crime, or any act giving the appearance, or threat, thereof," and that "at no time prior to Defendants' use of force did the assembly of protestors turn violent or destructive." Id. at ¶¶ 53-54. Plaintiff alleges that "the continued pattern of suppression of First Amendment rights [by Officers Doe] was a pattern allowed by the policy decisions of Defendants Smith [and] Blackwell, acting in their official capacities as chief policymakers of [the Richmond Police Department]." Id. at ¶ 70. Plaintiff further alleges that "the continue pattern of excessive force against protestors was a pattern

---

[4] The personal and official capacity claims against Chief Blackwell apply to the events on June 21, 2020. Compl. ¶ 11 n.2 (ECF No. 1-1).

3

allowed due to the policy decisions of Defendants Smith [and] Blackwell, acting in their official capacities as chief policymakers of [the Richmond Police Department]." Id. at ¶ 82.

### III. ARGUMENT

To survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 570). Pleadings that are "no more than conclusions . . . are not entitled to the assumption of truth." Id. at 193 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009)); see also Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001) (explaining that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12 (b)(6) when the facts alleged in the complaint cannot support" the legal conclusions). Accordingly, legal conclusions contained in a complaint should receive no weight from a court considering a Fed. R. Civ. P. 12(b)(6) challenge. Twombly, 550 U.S. at 555.

Ms. Maurer fails to state a claim for liability against Chief Smith and Chief Blackwell in their official capacities because her claim is redundant of her § 1983 claims against the City of Richmond. See Green, 2020 WL 2850177 at *5 (dismissing Plaintiff's official capacity § 1983 claim against the Waverly police chief as redundant of the §1983 claim against the town of Waverly). "Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). "As long as the government entity receives notice and an opportunity to

4

respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. When the entity has received notice and an opportunity to respond, the district court should dismiss the official-capacity claim as duplicative of the claim against the entity." Id. (citing Love-Lane, 355 F.3d at 783). The City of Richmond, as the government entity that formerly employed Chief Smith and Chief Blackwell in their official capacities, has received notice and an opportunity to respond to these claims.

## IV. **CONCLUSION**

As shown above, Plaintiff's § 1983 Official Capacity claims against Chief Smith and Chief Blackwell are duplicative and must be dismissed.

WHEREFORE, Chief Smith and Chief Blackwell respectfully request that this Court dismiss the official capacity claims against them from Plaintiff's Complaint with prejudice and award such other relief as may be just and appropriate.

Respectfully submitted,

By:    /s/ *Steven D. Brown*
Steven D. Brown (VSB No. 42511)
Lindsey A. Strachan (VSB No. 84506)
IslerDare P.C.
411 East Franklin Street, Suite 203
Richmond, Virginia 23219
Telephone: (804) 380-8983
Facsimile: (804) 234-8234
sbrown@islerdare.com
lstrachan@islerdare.com
*Counsel for Defendants*
*William Smith and William Blackwell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September 2020, a true and accurate copy of the foregoing Memorandum of Law in Support of Defendants William Smith and William Blackwell's Partial Motion to Dismiss Plaintiff's Complaint has been filed with the Clerk of Court using the Court's CM/ECF filing system, which will then send notification of such filing (NEF) to the following:

Geoffrey R. McDonald, Esq.
Theodore W. Briscoe III, Esq.
8720 Stony Point Parkway, Suite 250
Richmond, Virginia 23235
Email: gmcdonald@mcdonaldinjurylaw.com
Email: tbriscoe@mcdonaldinjurylaw.com
*Counsel for Plaintiff*

Erin R. McNeill, Esq.
Blaire H. O'Brien, Esq.
202 North 9th Street
Richmond, Virginia 23219
Email: emcneill@oag.state.va.us
Email: bo'brien@oag.state.va.us
*Counsel for Virginia Department of State Police, Gary Settle, and "Officer Doc 1 – X"*

Richard E. Hill, Jr., Esq.
900 East Broad Street
Richmond, Virginia 23219
Email: Richard.e.hill@richmondgov.com
*Counsel for the City of Richmond and the Richmond Police Department*

By:    /s/ *Steven D. Brown*
Steven D. Brown (VSB No. 42511)
Lindsey A. Strachan (VSB No. 84506)
IslerDare P.C.
411 East Franklin Street, Suite 203
Richmond, Virginia 23219
Telephone: (804) 380-8983
Facsimile: (804) 234-8234
sbrown@islerdare.com
lstrachan@islerdare.com
*Counsel for Defendants William Smith and William Blackwell*