IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| MARIA LOURDES MAURER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-cv-00668 |
| | ) | |
| CITY OF RICHMOND, | ) | |
| RICHMOND POLICE | ) | |
| DEPARTMENT, WILLIAM | ) | |
| SMITH, WILLIAM BLACKWELL, | ) | |
| OFFICER DOE 1-X, VIRGINIA | ) | |
| DEPARTMENT OF STATE POLICE, | ) | |
| GARY SETTLE, and OFFICER DOE 1-X | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 8, Defendants William Smith ("Chief Smith") and William

Blackwell ("Chief Blackwell") (collectively the "Former Chiefs"), by counsel, respectfully

submits the following as its Answer, Affirmative Defenses, and Defenses to Plaintiff's Complaint[1]:

**INTRODUCTION**

1.    The Former Chiefs admit that Plaintiff brought the present action against them.

The Former Chiefs deny the remaining allegations in Paragraph 1.

2.    As to the allegations in the first sentence of Paragraph 2, the Former Chiefs are

without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff

was "engaged in peaceful, nonviolent protest" and leave Plaintiff to her proof.  The Former

Chiefs deny the remaining allegations in Paragraph 2.

---

[1] The Former Chiefs file this Answer subject to and in conjunction with their simultaneously
filed Rule 12(b)(6) Partial Motion to Dismiss.

1

3.      As to the allegations in the first sentence of Paragraph 3, the Former Chiefs are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was "engaged in peaceful, nonviolent protest" and leave Plaintiff to her proof.  The Former Chiefs deny the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are not directed toward the Former Chiefs and the Former Chiefs admit that Plaintiff brought the present action against those named in Paragraph 4 only.  The Former Chiefs deny the remaining allegations in Paragraph 4.

5.      The Former Chiefs admit that Plaintiff brought the present action against them and Defendant Settle.  The Former Chiefs deny the remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are not directed toward the Former Chiefs and the Former Chiefs admit that Plaintiff brought the present action against those named in Paragraph 6 only.  The Former Chiefs deny the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are not directed toward the Former Chiefs and the Former Chiefs admit that Plaintiff brought the present action against those named in Paragraph 7 only.  The Former Chiefs deny the remaining allegations in Paragraph 7.

**<u>PARTIES</u>**

8.      As to the allegations in Paragraph 8, the Former Chiefs are without knowledge or information sufficient to form a belief as to their truth and leave Plaintiff to her proof.

9.      The Former Chiefs admit that Plaintiff has sued Officers Doe I-X in their personal and official capacities in the present action.  The Former Chiefs deny the remaining allegations in Paragraph 9.

10.      Chief Smith admits that he was the Chief of Police for the Richmond Police Department on June 15, 2020, and that Plaintiff brought the present action against him.  Chief

Smith denies that he acted unlawfully toward Plaintiff at any time, or that he is liable to Plaintiff under any theory in either his individual or official capacity or in any amount.

11.     Chief Blackwell admits that he was the Interim Chief of Police for the Richmond Police Department on June 21, 2020, and that Plaintiff brought the present action against him. Chief Blackwell denies that he acted unlawfully toward Plaintiff at any time, or that he is liable to Plaintiff under any theory in either his individual or official capacity or in any amount.

12.     The Former Chiefs admit that Plaintiff sued Defendant Gary Settle in his personal and official capacities in the present action.  The Former Chiefs deny the remaining allegations in Paragraph 12.

13.     The Former Chiefs admit that Plaintiff sued Defendants City of Richmond, Richmond Police Department, and Virginia Department of State Police in the present action. The Former Chiefs deny the remaining allegations in Paragraph 13.

## VENUE

14.     The allegations in Paragraph 14 constitute conclusions of law to which no response is required.  To the extent a response is required, the Former Chiefs deny the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 constitute conclusions of law to which no response is required.  To the extent a response is required, the Former Chiefs deny the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16.     The Former Chiefs admit that George Floyd died on May 25, 2020.  The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and leave Plaintiff to her proof.

3

17.     The Former Chiefs admit that there is video of Mr. Floyd on May 25, 2020 and the video was released in the United States media.  As to the remaining allegations in Paragraph 17, the Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and leave Plaintiff to her proof.

18.     The Former Chiefs admit that George Floyd's death sparked demonstrations in the City of Richmond.  As to the remaining allegations in Paragraph 18, the Former Chiefs are without sufficient knowledge or information to form a belief as to the truth and leave Plaintiff to her proof.

19.     The Former Chiefs deny the allegations in Paragraph 19.

20.     The Former Chiefs deny the allegations in Paragraph 20.

21.     The Former Chiefs deny the allegations in Paragraph 21.

22.     The Former Chiefs deny the allegations in Paragraph 22.

23.     Chief Smith admits that he appeared with Mayor Levar Stone of the City of Richmond during a town hall event in June 2020.  The Former Chiefs deny the remaining allegations in Paragraph 23.

24.     The Former Chiefs deny the allegations in Paragraph 24.

25.     The Former Chiefs deny the allegations in Paragraph 25.

26.     The Former Chiefs deny the allegations in Paragraph 26.

27.     The Former Chiefs deny the allegations in Paragraph 27.

28.     The Former Chiefs deny the allegations in Paragraph 28.

29.     The Former Chiefs deny the allegations in Paragraph 29.

30.     The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and leave Plaintiff to her proof.

31.     The Former Chiefs deny the allegations in Paragraph 31.

32.     The Former Chiefs deny the allegations in Paragraph 32.

33.     The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and leave Plaintiff to her proof.

34.     The Former Chiefs deny the allegations in Paragraph 34.

35.     The Former Chiefs deny the allegations in Paragraph 35.

36.     The Former Chiefs deny the allegations in Paragraph 36.

37.     The Former Chiefs deny the allegations in Paragraph 37.

38.     The Former Chiefs deny the allegations in Paragraph 38.

39.     The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and leave Plaintiff to her proof.

40.     The Former Chiefs deny the allegations in Paragraph 40.

41.     The Former Chiefs deny the allegations in Paragraph 41.

42.     The Former Chiefs deny the allegations in Paragraph 42.

43.     The Former Chiefs deny the allegations in Paragraph 43.

44.     The Former Chiefs deny the allegations in Paragraph 44.

45.     The Former Chiefs admit that Chief Smith resigned as Chief of Police and that Chief Blackwell was thereafter appointed Interim Chief of Police.  The Former Chiefs deny the remaining allegations in Paragraph 45.

46.     The Former Chiefs deny the allegations in Paragraph 46.

47.     The Former Chiefs deny the allegations in Paragraph 47.

48.     The Former Chiefs deny the allegations in Paragraph 48.

49.     The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and leave Plaintiff to her proof.

50.     The Former Chiefs deny the allegations in Paragraph 50.

51.     The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and leave Plaintiff to her proof.

52.     The Former Chiefs deny the allegations in Paragraph 52.

53.     The Former Chiefs deny the allegations in Paragraph 53.

54.     The Former Chiefs deny the allegations in Paragraph 54.

55.     The Former Chiefs deny the allegations in Paragraph 55.

56.     The Former Chiefs deny the allegations in Paragraph 56.

57.     The Former Chiefs deny the allegations in Paragraph 57.

58.     The Former Chiefs deny the allegations in Paragraph 58.

59.     The Former Chiefs deny the allegations in Paragraph 59.

## COUNT 1

## FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S RIGHT TO FREE SPEECH AND ASSEMBLY

60.     The Former Chiefs incorporate by reference their responses to the allegations in Paragraphs 1 through 50 as set forth fully herein.

61.     The Former Chiefs deny the allegations in Paragraph 61.

62.     The Former Chiefs deny the allegations in Paragraph 62.

63.     The Former Chiefs deny the allegations in Paragraph 63.

64.     The Former Chiefs deny the allegations in Paragraph 64.

65.     The Former Chiefs deny the allegations in Paragraph 65.

66.     The Former Chiefs deny the allegations in Paragraph 66.

67.     The Former Chiefs deny the allegations in Paragraph 67.

68.     The Former Chiefs deny the allegations in Paragraph 68.

69.     The Former Chiefs deny the allegations in Paragraph 69.

70.     The Former Chiefs deny the allegations in Paragraph 70.

71.     The Former Chiefs deny the allegations in Paragraph 71.

## COUNT II

## FEDERAL CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S AGAINST EXCESSIVE FORCE [sic]

72.     The Former Chiefs incorporate by reference their responses to the allegations in Paragraphs 1 through 71 as set forth fully herein.

73.     The Former Chiefs deny the allegations in Paragraph 73.

74.     The Former Chiefs deny the allegations in Paragraph 74.

75.     The Former Chiefs deny the allegations in Paragraph 75.

76.     The Former Chiefs deny the allegations in Paragraph 76.

77.     The Former Chiefs deny the allegations in Paragraph 77.

78.     The Former Chiefs deny the allegations in Paragraph 78.

79.     The Former Chiefs deny the allegations in Paragraph 79.

80.     The Former Chiefs deny the allegations in Paragraph 80.

81.     The Former Chiefs deny the allegations in Paragraph 81.

82.     The Former Chiefs deny the allegations in Paragraph 82.

## COUNT III

### ASSAULT AND BATTERY

83.     The Former Chiefs incorporate by reference their responses to the allegations in Paragraphs 1 through 82 as set forth fully herein.

84.     The Former Chiefs deny the allegations in Paragraph 84.

85.     The Former Chiefs deny the allegations in Paragraph 85.

86.     The Former Chiefs deny the allegations in Paragraph 86.

87.     The Former Chiefs deny the allegations in Paragraph 87.

88.     The Former Chiefs deny the allegations in Paragraph 88.

89.     The Former Chiefs deny the allegations in Paragraph 89.

## COUNT IV

### FEDERAL CONSTITUTIONAL VIOLATIONS BY DEFENDANTS SMITH, BLACKWELL & SETTLE – SUPERVISORY LIABILITY

90.     The Former Chiefs incorporate by reference their responses to the allegations in Paragraphs 1 through 89 as set forth fully herein.

91.     The Former Chiefs are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and leave Plaintiff to her proof.

92.     The Former Chiefs deny the allegations in Paragraph 92.

93.     The Former Chiefs deny the allegations in Paragraph 93.

94.     The Former Chiefs deny the allegations in Paragraph 94.

95.     The Former Chiefs deny the allegations in Paragraph 95.

96.     The Former Chiefs deny the allegations in Paragraph 96.

97.     The Former Chiefs deny the allegations in Paragraph 97.

98.     The Former Chiefs deny the allegations in Paragraph 98.

99.     The Former Chiefs deny the allegations in Paragraph 99.

100.    The Former Chiefs deny the allegations in Paragraph 100.

101.    The Former Chiefs deny the allegations in Paragraph 101.

102.    The Former Chiefs deny the allegations in Paragraph 102.

## COUNT V

### Reiteration of Counts I, II, & IV Against Defendant City of Richmond

103.    The Former Chiefs incorporate by reference their responses to the allegations in Paragraphs 1 through 102 as set forth fully herein.

104.    The Former Chiefs deny the allegations in Paragraph 104.

105.    The Former Chiefs deny the allegations in Paragraph 105.

106.    The Former Chiefs deny the allegations in Paragraph 106.

## PRAYER FOR RELIEF

Plaintiff's requested relief contains only conclusory assertions of Plaintiff's demands for relief, to which no response is required.  To the extent a response is required, the Former Chiefs expressly deny that they are liable to Plaintiff under any theory or in any amount.

With respect to all allegations not heretofore denied, the Former chiefs deny such allegations.

## AFFIRMATIVE DEFENSES AND DEFENSES

Without assuming any burden, it would not otherwise bear and reserving the right to assert other defenses in this action proceeding up to and including the time of trial, the Former Chiefs assert the following separate and additional defenses:

## FIRST AFFIRMATIVE DEFENSE

The Former Chiefs raise the affirmative defense of sovereign immunity.

## SECOND AFFIRMATIVE DEFENSE

The Former Chiefs raise the affirmative defense of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The Former Chiefs' actions were privileged.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the illegality of her conduct.

## FIRST DEFENSE

The Former Chiefs deny all allegations of misconduct alleged against them in the Complaint and state that the allegations are meritless and without basis in fact.  All allegations not specifically admitted are hereby denied.

## SECOND DEFENSE

The Former Chiefs have at all relevant times complied with all applicable federal, state, and/or other regulations, laws and standards.

## THIRD DEFENSE

The business of the Defendant is in the public interest, convenience and necessity and it is operated and conducted in a reasonable manner in compliance with the law.

## FOURTH DEFENSE

Plaintiff was cognizant and aware of all the facts, circumstances and conditions existing and consented to, permitted, acquiesced, actively encouraged and/or voluntarily assumed the risk therefrom and attendant thereto.

## FIFTH DEFENSE

The Former Chiefs deny that Plaintiff suffered any losses or damages, in any event, any losses or damages sustained by the Plaintiff were de minimis, remote, speculative and/or transient and hence, are not cognizable as a matter of law.

## SIXTH DEFENSE

The Former Chiefs deny Plaintiff's allegations to justify an award of punitive damages and asserts that an award of punitive damages under the facts and circumstances alleged are a violation of the Former Chiefs' constitutional rights.

The Former Chiefs give notice they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings and reserve their right to amend this Answer and to assert any such defenses.  The Former Chiefs reserve the right to amend their affirmative defenses as the Plaintiff's claims are more developed through discovery.

Respectfully submitted,

By:     /s/ *Steven D. Brown*
Steven D. Brown (VSB No. 42511)
Lindsey A. Strachan (VSB No. 84506)
IslerDare P.C.
411 East Franklin Street, Suite 203
Richmond, Virginia 23219
Telephone:  (804) 380-8983
Facsimile:  (804) 234-8234
sbrown@islerdare.com
lstrachan@islerdare.com
*Counsel for Defendants*
*William Smith and William Blackwell*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2020, a true and accurate copy of the

foregoing Answer, Affirmative Defenses, and Defenses to Plaintiff's Complaint has been filed

with the Clerk of Court using the Court's CM/ECF filing system, which will then send

notification of such filing (NEF) to the following:

Geoffrey R. McDonald, Esq.
Theodore W. Briscoe III, Esq.
8720 Stony Point Parkway, Suite 250
Richmond, Virginia 23235
Email: gmcdonald@mcdonaldinjurylaw.com
Email: tbriscoe@mcdonaldinjurylaw.com
*Counsel for Plaintiff*

Richard E. Hill, Jr., Esq.
900 East Broad Street
Richmond, Virginia 23219
Email: Richard.e.hill@richmondgov.com
*Counsel for the City of Richmond and the
Richmond Police Department*

Erin R. McNeill, Esq.
Blaire H. O'Brien, Esq.
202 North 9th Street
Richmond, Virginia 23219
Email: emcneill@oag.state.va.us
Email: bo'brien@oag.state.va.us
*Counsel for Virginia Department of State
Police, Gary Settle, and "Officer Doc 1 – X"*

By:     /s/ *Steven D. Brown*
        Steven D. Brown (VSB No. 42511)
        Lindsey A. Strachan (VSB No. 84506)
        IslerDare P.C.
        411 East Franklin Street, Suite 203
        Richmond, Virginia 23219
        Telephone: (804) 380-8983
        Facsimile:  (804) 234-8234
        sbrown@islerdare.com
        lstrachan@islerdare.com
        *Counsel for Defendants
        William Smith and William Blackwell*