IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KYRA CANNING,<br>        Plaintiff,<br><br>v.<br><br>WILLIAM SMITH, et al.,<br>        Defendants. | Lead Civil Action No. 3:20-cv-401 |
| JARROD BLACKWOOD, et al., individually and on behalf of a class of similarly situated individuals,<br>        Consolidated Plaintiffs,<br><br>v.<br><br>JOHN/JANE DOES I-X et al.<br>        Consolidated Defendants. | |
| MARIA LOURDES MAURER,<br>        Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, et al.,<br>        Defendants. | Civil Action No. 3:20-cv-668 |

## ORDER

This matter comes before the Court on the motion to sever filed by Virginia State Police ("VSP") Superintendent Gary T. Settle. (ECF No. 32, 3:20-cv-668).

On October 26, 2020, the Court held a conference call with counsel in *Canning v. Smith, et al.* (3:20-cv-401) and *Maurer v. City of Richmond, et al.* (3:20-cv-668) during which it announced its intention to consolidate these cases for discovery, pretrial motions practice, and

settlement negotiations. Regrettably, the Court failed to include Settle's counsel on the conference call. The Court apologizes for this oversight. Nevertheless, at this time, the Court will not sever Settle from these consolidated cases.

Federal Rule of Civil Procedure 21 gives district courts "broad discretion in ruling on a requested severance." *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003). A court should deem a party "misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Id.*

Under Rule 20(a)(2), defendants "may be joined in one action" if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The "transaction or occurrence test . . . permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

Here, the claims the plaintiffs in *Canning* and *Maurer* assert against the City of Richmond (the "City"), William Smith, William Blackwell, and unnamed Richmond Police Department ("RPD") officers reasonably relate to the claim Maurer asserts against Settle. For instance, Maurer alleges that on June 21, 2020, RPD officers and VSP troopers used excessive force to quell a protest at the Robert E. Lee monument on Monument Avenue. Maurer asserts supervisory liability claims against Smith, Blackwell, and Settle based in part on that incident. To support her allegation that Smith, Blackwell, and Settle knew they needed to implement corrective training measures to prevent the use of excessive force on June 21, 2020, Maurer notes that RPD officers and VSP troopers allegedly used excessive force against protesters at the Lee monument on June

1, 2020. The plaintiffs in *Canning* base their excessive force claim on that June 1 incident. Accordingly, the Court finds that consolidation of *Canning* and *Maurer* for discovery, pretrial motions practice, and settlement satisfies Rule 20(a)(2)(A) because the claim against Settle "reasonably relate[s]" to the claims against Smith, Blackwell, the City, and the unnamed RPD officers.

Consolidation also satisfies Rule 20(a)(2)(B) because common legal and factual questions will arise as to all defendants during the discovery, pretrial motions practice, and settlement. The *Canning* and *Maurer* plaintiffs allege that RPD officers, VSP troopers, or both used excessive force against them while they exercised their free speech rights. Additionally, they assert supervisory liability claims against the men tasked with supervising those officers and troopers. Thus, the consolidated cases involve similar legal issues.

The consolidated cases also involve similar factual issues. Generally, the cases involve allegations that RPD officers and VSP troopers used excessive force against Black Lives Matter protesters in May and June 2020. Investigating those claims will require the plaintiffs to depose many of the same people, watch much of the same body camera footage, and review similar documentary evidence. At minimum, both cases will require discovery regarding the police response to the June 1, 2020 protest at the Lee monument. As such, the consolidated cases involve similar factual issues. Because consolidation satisfies both preconditions set forth in Rule 20(a)(2), the Court DENIES WITHOUT PREJUDICE Settle's motion to sever. (ECF No. 32, 3:20-cv-668.) The Court will, however, consider a motion to sever filed by Settle or another party later in the litigation.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 2 November 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge